■ In the Matter of JUANA LUGO, a Person of Unsound Mind. EMILIO CIENA, Appellant; STATE OF NEW YORK, Respondent.— Appeal from an order of the Court of Claims which denied petitioner's motion to vacate a prior order setting aside an ex parte order appointing a guardian ad litem for Juana Lugo preliminary to filing a claim on her behalf against the State of New York. Juana Lugo is a person of unsound mind, committed to the Rockland State Hospital pursuant to the Mental Hygiene Law. She has not been judicially declared to be incompetent to manage her affairs nor has any committee or general guardian been appointed for her. It seems to be conceded that she has no property or estate other than an alleged cause of action against the State of New York. It is the contention of the petitioner, her son, that she has a cause of action against the State of New York and in order to assist her in the prosecution of her claim he moved for an order appointing him as her guardian ad litem. In January, 1958 such an order was made ex parte, and subsequently was vacated on the court's own motion. The court below vacated the order appointing a guardian ad litem on the theory that if the alleged incompetent was incapable of protecting her own interests a legally responsible committee should have been duly appointed pursuant to law. We think there has been undue emphasis on technical considerations, and we find no justification for distinguishing between an incompetent person and an alleged incompetent when it clearly appears that the party affected is a person of unsound mind and actually an inmate of an institution for mentally unsound persons. Such a person, although not judicially declared to be incompetent, may sue or be sued in the same manner as an ordinary member of the community, but nevertheless may need the help of a guardian ad litem and should have it if necessary (*Anonymous* v. *Anonymous,* 3 A D 2d 590; *Sengstack* v. *Sengstack,* 4 N Y 2d 502). Order reversed and the prior order appointing a guardian ad litem reinstated, with costs to the appellant. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.